GREEN, J.
The law in respect to notice to quit was correctly laid down by the court as stated in the first exception. But I strongly incline to think, that the evidence allowed to go to the jurjr, as tending to prove the fact of the defendant’s disclaimer of his tenancy before the institution of the suit, had no such tendency, and ought therefore to have been rejected as irrelevant. But in this, I submit to the better judgment of my brethren.
The ground upon which the evidence offered by the defendant, mentioned in the second exception, was rejected, is not stated. If it was that a tenant cannot set up against his landlord in ejectment, an adversary title in a stranger, *the principle of law, although true, was misapplied. The title set up here was a lease for lives, duly recorded, from lord Fairfax, under whom the lessor of the plaintiff claimed, to one under whom the tenant claimed, the validity of which the lessor of the plaintiff had admitted by the regular annual receipt of the rents stipulated by the lease, from the defendant, and those under whom he claimed, down to a period of 2 months before the institution of the suit. If the evidence was rejected, because the assignment of the lease under which the defendant claimed, not being by deed, did not pass the legal title to the freehold estate created by the lease, and so the defendant was setting up against his landlord a title in Luttrell, the lessee for lives, or his representatives, the answer is, that if the defendant had not the legal title, yet Luttrell was a stranger neither to the lessor of the plaintiff, nor the defendant. The latter being in possession with the assent of Luttrell, had the legal title under the lease, as his tenant at will or at sufferance, and so claimed under him, and that with the assent of the landlord, which was necessary according to the terms of the lease; and such a possession he had a right to maintain against the landlord, without violating any rule of law, as long as the lease continued. If the objection was, that the defendant was in possession, by the authority of one only of three tenants in common or joint tenant, neither was that a valid objection; for that permission gave him a right to hold in common or jointly with the others, and exclusively against all the world except those others. Upon this exception, I think the judgment should be reversed.
The other judges concurring on the last point, the judgment was reversed, and the cause remanded to the circuit court for a new trial.